UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

ANTONIO RIVERA and SHARON LOPEZ,

                              Plaintiffs,

     -against-

CITY OF NEW YORK, WALTER OSTERMEIR, PAUL ZAINO, THOMAS JOYCE, JOHN LANDOLFI, PHILIP BIRMINGHAM, MICHAEL O'DOUGHERTY, SANTOS ROMAN, STEVEN RAMUNNO, and JOHN and JANE DOES 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.

-------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

CV 07 8061 (DLC)

<u>Jury Trial Demanded</u>

      Plaintiffs ANTONIO RIVERA and SHARON LOPEZ, by their attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

### <u>Preliminary Statement</u>

      1.     Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the State of New York and the United States. Plaintiffs also assert supplemental state law claims.

### <u>JURISDICTION</u>

      2.     The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.     Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiffs respectfully demand a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiffs ANTONIO RIVERA and SHARON LOPEZ are citizens of the United States, and at all relevant times residents of Bronx County.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9.     That at all times hereinafter mentioned, the individually named defendants, WALTER OSTERMEIR, PAUL ZAINO, THOMAS JOYCE, JOHN LANDOLFI, PHILIP BIRMINGHAM, MICHAEL O'DOUGHERTY, SANTOS ROMAN, STEVEN RAMUNNO, and JOHN and JANE DOES 1 Through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City

New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12. Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13. On June 26, 2006, in the early morning hours, plaintiffs ANTONIO RIVERA and SHARON LOPEZ were lawfully in the vicinity of 1075 University Place, County of Bronx, and State of New York.

14. At the aforesaid time and place, the defendants, members of the New York City Police Department, unlawfully and without justification assaulted, battered and beat plaintiff SHARON LOPEZ, who was pregnant, by grabbing her hair and throwing her to the ground with great force and with the intent to injure her even though plaintiff posed no threat of harm to any of the defendants. Plaintiff was thereafter arrested unlawfully and without reasonable suspicion. Defendants placed excessively tightened handcuffs on her wrists despite plaintiff's complaints thereby causing plaintiff substantial pain and injuries. Plaintiff was taken against her will to the NYPD 44th Precinct where she repeatedly requested but was refused medical treatment. Plaintiff was thereafter subjected to a humiliating and unlawful search and held in custody for an extended period of time. Furthermore, plaintiff SHARON LOPEZ was unlawfully and without any reasonable suspicion or just cause, strip searched by defendants.

15. The defendants concocted bogus charges to cover up their acts of abuse of

authority and brutality. The charges were conveyed to the Bronx County District Attorney's Office for the purpose of initiating a prosecution against plaintiff SHARON LOPEZ. Plaintiff SHARON LOPEZ was maliciously prosecuted on manufactured and fictitious allegations by defendants and forced to defend the baseless charges until on or about August 3, 2007 when the charges were dismissed and sealed. All of the above occurred while NYPD officers failed to intervene in the illegal conduct described herein.

      16.      As a result of the above, plaintiff SHARON LOPEZ sought medical attention.

      17.      At the aforesaid time and place, the defendants, members of the New York City Police Department, unlawfully and without reasonable suspicion or any just cause, illegally and with the use of excessive force, stopped, struck, kicked, and punched plaintiff ANTONIO RIVERA numerous times on his face and body. Plaintiff was then placed in excessively tight handcuffs and taken to the NYPD 44th precinct. Plaintiff ANTONIO RIVERA was unlawfully and without any reasonable suspicion or just cause, strip searched by defendants. Only after plaintiff ANTONIO RIVERA asked to be taken to the hospital, despite the obvious injuries inflicted by the defendants, was plaintiff taken to Lincoln Hospital in the Bronx, New York, where he received stitches and other treatment for his injuries, including, without limitation, fractured facial bones. Plaintiff was thereafter discharged from the hospital back to Bronx Central Booking, where he was held until he finally saw a judge in Bronx County Criminal Court. Plaintiff was thereafter arraigned on the false charges that were fabricated by the defendant officers and maliciously prosecuted until on or about June 7, 2007, when all charges were dismissed and sealed. All of the above occurred while NYPD officers failed to intervene in the illegal conduct described herein.

      18.      As a result of the above, plaintiff ANTONIO RIVERA sought medical attention

after being released from police custody for the injuries he suffered as a result of defendants' actions.

19. As a result of the foregoing, plaintiffs SHARON LOPEZ and ANTONIO RIVERA sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, anxiety, mental anguish, deprivation of their liberty, violation of constitutional rights, and special damages.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. § 1983)

20. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "19" with the same force and effect as if fully set forth herein.

21. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

22. All of the aforementioned acts deprived plaintiffs ANTONIO RIVERA and SHARON LOPEZ of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

23. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

24. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all

under the supervision of ranking officers of said department.

25. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983)

26. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiffs ANTONIO RIVERA and SHARON LOPEZ's constitutional rights.

28. As a result of the aforementioned conduct of defendants, plaintiffs ANTONIO RIVERA and SHARON LOPEZ's constitutional right to be free from excessive force was violated and they sustained physical injuries.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

29. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. Defendants had an affirmative duty to intervene on behalf of plaintiffs ANTONIO RIVERA and SHARON LOPEZ, whose constitutional rights were being violated in their presence by other officers.

31. The defendants failed to intervene to prevent the unlawful conduct described herein.

32. As a result of the foregoing, plaintiffs ANTONIO RIVERA and SHARON

LOPEZ's liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### AS AND FOR A FOURTH CAUSE OF ACTION
(False Arrest under 42 U.S.C. § 1983)

33.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34.     The defendants falsely imprisoned plaintiffs ANTONIO RIVERA and SHARON LOPEZ against their will and in the absence of probable cause.

35.     As a result of the foregoing, plaintiffs ANTONIO RIVERA and SHARON LOPEZ were handcuffed, held in a cell, and otherwise deprived of their right to be free from false arrest.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

36.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.     Defendants issued criminal process against plaintiffs ANTONIO RIVERA and SHARON LOPEZ by causing them to be arraigned and prosecuted for various violations of the Penal Law.

38.     Defendants caused plaintiffs ANTONIO RIVERA and SHARON LOPEZ to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality and abuse of authority and thereby violated plaintiffs' right to be free from malicious abuse of process.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

39. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants initiated, commenced and continued a malicious prosecution against plaintiffs ANTONIO RIVERA and SHARON LOPEZ by providing false and/or misleading information to the Bronx County District Attorney's office.

41. The aforesaid prosecutions terminated in favor of plaintiffs ANTONIO RIVERA and SHARON LOPEZ when they were dismissed.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

42. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

44. As a result of the foregoing, plaintiffs ANTONIO RIVERA and SHARON LOPEZ were deprived of their liberty and right to substantive due process, causing severe and permanent emotional and physical injuries.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Unlawful Strip Search under 42 U.S.C. § 1983)

45. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. The illegal strip searches of plaintiffs ANTONIO RIVERA and SHARON

LOPEZ were conducted in the absence of reasonable individualized suspicion that plaintiffs were in possession of weapons or contraband.

47. As a result of the aforementioned conduct of defendants, plaintiffs' Fourth and Fourteenth Amendment rights were violated.

## AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

48. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

50. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, abusing citizens and then committing perjury and/or manufacturing evidence in an effort to convict such individuals. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of plaintiffs ANTONIO RIVERA and SHARON LOPEZ'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

51. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the

safety, well-being and constitutional rights of plaintiffs ANTONIO RIVERA and SHARON LOPEZ.

52. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs ANTONIO RIVERA and SHARON LOPEZ as alleged herein.

53. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs ANTONIO RIVERA and SHARON LOPEZ as alleged herein.

54. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs ANTONIO RIVERA and SHARON LOPEZ were unlawfully strip searched, beaten, detained, incarcerated, prosecuted, and otherwise subjected to physical abuse.

55. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs ANTONIO RIVERA and SHARON LOPEZ'S constitutional rights.

56. All of the foregoing acts by defendants, defendants deprived plaintiffs ANTONIO RIVERA and SHARON LOPEZ of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from malicious abuse of process;

    C. To be free from false arrest;

      D.      To be free from malicious prosecution;

      E.      To receive equal protection under law;

      F.      To be free from the use of excessive force and/or the failure to intervene; and

      G.      To be free from unlawful strip searches.

57. As a result of the foregoing, plaintiffs ANTONIO RIVERA and SHARON LOPEZ are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

58. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. Within ninety (90) days after the claim herein accrued, plaintiffs ANTONIO RIVERA and SHARON LOPEZ duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

60. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

61. The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

62. Plaintiffs ANTONIO RIVERA and SHARON LOPEZ have complied with all conditions precedent to maintaining the instant action.

63. Their action falls within one or more of the exceptions as outlined in C.P.L.R.

1602.

### AS AND FOR A TENTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

64.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.     Defendants issued criminal process against plaintiffs by causing them to be arrested, arraigned and prosecuted in criminal court.

66.     Defendants caused plaintiffs to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

67.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraph numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.     Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest and searches of plaintiffs ANTONIO RIVERA and SHARON LOPEZ.

69.     Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

70.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in

paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.     Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest and searches of plaintiffs ANTONIO RIVERA and SHARON LOPEZ.

**AS AND FOR A THIRTEENTH CAUSE OF ACTION**
(Negligence under the laws of the State of New York)

72.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73.     Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

**AS AND FOR A FOURTEENTH CAUSE OF ACTION**
(False Arrest under the laws of the State of New York)

74.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.     Defendants arrested plaintiffs ANTONIO RIVERA and SHARON LOPEZ without probable cause.

76.     Plaintiffs were detained against their will for an extended period of time and subjected to physical restraints.

77.     As a result of the aforementioned conduct, plaintiffs ANTONIO RIVERA and SHARON LOPEZ were unlawfully imprisoned in violation of the laws of the State of New York.

78.     As a result of the aforementioned conduct, plaintiffs ANTONIO RIVERA and

SHARON LOPEZ suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

79.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80.     Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

81.     As a result of the foregoing, ANTONIO RIVERA and SHARON LOPEZ are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Unlawful Strip Search under the laws of the State of New York)

82.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.     The unlawful strip searches employed by defendants herein were in the absence of reasonable individualized suspicion that plaintiff possessed any contraband or weapons.

84.     As a result of the aforementioned conduct of defendants, plaintiffs' rights under the New York Constitution were violated.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Malicious Prosecution under laws of the State of New York)

85.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86. Defendants initiated, commenced, and continued criminal proceedings against plaintiffs by falsely reporting the events of June 26, 2006 to the Bronx County District Attorney's Office.

87. Defendants caused plaintiffs ANTONIO RIVERA and SHARON LOPEZ to be prosecuted on criminal charges without any probable cause until the charges were dismissed.

88. As a result of the aforementioned conduct, plaintiffs ANTONIO RIVERA and SHARON LOPEZ suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom

**AS AND FOR AN EIGHTEENTH CAUSE OF ACTION**
(Assault under the laws of the State of New York)

89. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90. As a result of the foregoing, plaintiffs ANTONIO RIVERA and SHARON LOPEZ were placed in apprehension of imminent harmful and offensive bodily contact.

91. As a result of defendants' conduct, plaintiffs ANTONIO RIVERA and SHARON LOPEZ have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

**AS AND FOR A NINETEENTH CAUSE OF ACTION**
(Battery under the laws of the State of New York)

92. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93. Defendants made offensive contact with plaintiffs without privilege or consent.

94. As a result of defendants' conduct, plaintiffs ANTONIO RIVERA and SHARON

LOPEZ have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

95.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96.   The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

97.   The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

98.   The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

99.   The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs ANTONIO RIVERA and SHARON LOPEZ.

100.   As a result of the aforementioned conduct, plaintiffs ANTONIO RIVERA and SHARON LOPEZ suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**WHEREFORE**, plaintiffs ANTONIO RIVERA and SHARON LOPEZ demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C ) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
April 15, 2008

                                    LEVENTHAL & KLEIN, LLP
                                    45 Main Street, Suite 230
                                    Brooklyn, New York 11201
                                    (718) 722-4100

                                By:      _____/s_____
                                              BRETT H. KLEIN

                                    Attorneys for Plaintiffs ANTONIO RIVERA and SHARON LOPEZ