UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANTONIO RIVERA and SHARON LOPEZ,

                          Plaintiffs,                      **ANSWER TO AMENDED
COMPLAINT**

             -against-                            Docket No. 07-CV-8061 (DLC)(KNF)

                                           **JURY TRIAL DEMANDED**

CITY OF NEW YORK, et al.,

                          Defendants.
------------------------------------------------------------X

       Defendants City of New York, Walter Ostermeir, Paul Zaino, Thomas Joyce, John Landolfi, Philip Birmingham, Michael O'Dougherty, Santos Roman and Steven Ramunno by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully alleges, upon information and belief, as follows:

    1.  Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiffs purport to bring the action and proceed as stated therein.

    2.  Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiffs purport to bring the action as stated therein.

    3.  Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiffs purport to invoke the jurisdiction of this Court as stated therein.

    4.  Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiffs purport to base venue as stated therein.

    5.  The allegations set forth in paragraph "5" of the Complaint do not constitute a factual averment to which a response is required.

    6.  Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "6" of the Complaint.

7.   Deny the allegations set forth in paragraph "7" of the Complaint, except admit that Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York.

8.   Deny the allegations set forth in paragraph "8" of the Complaint, except admit that the City of New York maintains a police department.

9.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9 " of the Complaint pertaining to the "John Doe" and Jane Doe" defendants, except admit that Walter Ostermeir, Paul Zaino, Thomas Joyce, John Landolfi, Philip Birmingham, Michael O'Dougherty, Santos Roman and Steven Ramunno were employed by the New York City Police Department.

10.   Paragraph "10" of the Complaint sets forth conclusions of law rather than averments of fact and accordingly no response is required.

11.   Paragraph "11" of the Complaint sets forth conclusions of law rather than averments of fact and accordingly no responses is required.

12.   Paragraph "12" of the Complaint sets forth conclusions of law rather than averments of fact and accordingly no response is required.

13.   Deny the allegations set forth in paragraph "13 " of the Complaint.

14.   Deny the allegations set forth in paragraph "14" of the Complaint.

15.   Deny the allegations set forth in paragraph "15" of the Complaint.

16.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16 " of the Complaint.

17.   Deny the allegations set forth in paragraph "17" of the Complaint.

18.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19.  Deny the allegations set forth in paragraph "19" of the Complaint.

20.  In response to the allegations set forth in paragraph "20" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

21.  Paragraph "21" of the Complaint sets forth conclusions of law rather than averments of fact and accordingly no response is required.

22.  Deny the allegations  set forth in paragraph "22" of the Complaint.

23.  Paragraph "23" of the Complaint sets forth conclusions of law rather than averments of fact and accordingly no response is required.

24.  Deny the allegations set forth in paragraph "24" of the Complaint.

25.  Deny the allegations set forth in paragraph "25" of the Complaint.

26.  In response to the allegations set forth in paragraph "26" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

27.  Deny the allegations set forth in paragraph "27" of the Complaint.

28.  Deny the allegations set forth in paragraph "28" of the Complaint.

29.  In response to the allegations set forth in paragraph "29" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

30.  Deny the allegations set forth in paragraph "30" of the Complaint.

31.  Deny the allegations set forth in paragraph "31" of the Complaint.

32.  Deny the allegations set forth in paragraph "32" of the Complaint.

33.  In response to the allegations set forth in paragraph "33" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

34.  Deny the allegations set forth in paragraph "34" of the Complaint.

35.  Deny the allegations set forth in paragraph "35" of the Complaint.

36.  In response to the allegations set forth in paragraph "36" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

37.  Deny the allegations set forth in paragraph "37" of the Complaint.

38.  Deny the allegations set forth in paragraph "38" of the Complaint.

39.  In response to the allegations set forth in paragraph "39" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

40.  Deny the allegations set forth in paragraph "40" of the Complaint.

41.  Deny the allegations set forth in paragraph "41" of the Complaint.

42.  In response to the allegations set forth in paragraph "42" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

43.  Deny the allegations set forth in paragraph "43" of the Complaint.

44.  Deny the allegations set forth in paragraph "44" of the Complaint.

45.  In response to the allegations set forth in paragraph "45" of the Complaint, defendants

repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. In response to the allegations set forth in paragraph "48" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint and all subparts thereto.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. In response to the allegations set forth in paragraph "58" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

59. Deny the allegations set forth in paragraph "59" of the Complaint, except admit that on September 21, 2006 a document purporting to be a notice of claim was served on the Comptroller's Office for the City of New York

60. Deny the allegations set forth in paragraph "60" of the Complaint, except admit that there has been no adjustment or payment on plaintiffs' claims.

61. Deny the allegations set forth in paragraph "61" of the Complaint, except admit that the Complaint was filed with the Court on or about September 14, 2007.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. Paragraph "63" of the Complaint sets forth conclusions of law rather than averments of fact and accordingly no response is required.

64. In response to the allegations set forth in paragraph "64" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. In response to the allegations set forth in paragraph "67" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

70. In response to the allegations set forth in paragraph "70" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. In response to the allegations set forth in paragraph "72" of the Complaint, defendants

repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

73.  Deny the allegations set forth in paragraph "73" of the Complaint.

74.  In response to the allegations set forth in paragraph "74" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

75.  Deny the allegations set forth in paragraph "75" of the Complaint.

76.  Deny the allegations set forth in paragraph "76" of the Complaint.

77.  Deny the allegations set forth in paragraph "77" of the Complaint.

78.  Deny the allegations set forth in paragraph "78" of the Complaint.

79.  In response to the allegations set forth in paragraph "79" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

80.  Deny the allegations set forth in paragraph "80" of the Complaint.

81.  Deny the allegations set forth in paragraph "81" of the Complaint.

82.  In response to the allegations set forth in paragraph "82" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

83.  Deny the allegations set forth in paragraph "83" of the Complaint.

84.  Deny the allegations set forth in paragraph "84" of the Complaint.

85.  In response to the allegations set forth in paragraph "85" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

86. Deny the allegations set forth in paragraph "86" of the Complaint.

87. Deny the allegations set forth in paragraph "87" of the Complaint.

88. Deny the allegations set forth in paragraph "88" of the Complaint.

89. In response to the allegations set forth in paragraph "89" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

90. Deny the allegations set forth in paragraph "90" of the Complaint.

91. Deny the allegations set forth in paragraph "91" of the Complaint.

92. In response to the allegations set forth in paragraph "92" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

93. Deny the allegations set forth in paragraph "93" of the Complaint.

94. Deny the allegations set forth in paragraph "94" of the Complaint.

95. In response to the allegations set forth in paragraph "95" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

96. Deny the allegations set forth in paragraph "96" of the Complaint.

97. Deny the allegations set forth in paragraph "97" of the Complaint.

98. Deny the allegations set forth in paragraph "98" of the Complaint.

99. Deny the allegations set forth in paragraph "99" of the Complaint.

100. Deny the allegations set forth in paragraph "100" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

101. At all times relevant to the acts alleged in the Complaint, the duties and functions of defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, the City of New York is entitled to governmental immunity from liability.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

102. Any injury alleged to have been sustained by plaintiffs resulted from plaintiffs' own culpable or negligent conduct or that of a third party and was not the proximate result of any act of the defendant.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

103.  There was probable cause for plaintiffs' arrest.

## AS AND FOR A FOURTH  AFFIRMATIVE DEFENSE

104.  Punitive damages cannot be assessed as against the City of New York.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

105.  The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

106.   At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of its discretion.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

107.   Plaintiffs provoked any incident.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

108.   Defendants have not violated any rights, privileges or immunities secured to the plaintiffs by the Constitution or laws of the United States or the State of New York, nor have the defendants violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

109.    The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**WHEREFORE,** defendants City of New York, Walter Ostermeir, Paul Zaino, Thomas Joyce, John Landolfi, Philip Birmingham, Michael O'Dougherty, Santos Roman and Steven Ramunno request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
        June 9, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
*Attorney for Defendants City of New York*
100 Church Street,
New York, New York 10007
(212) 442-0832

By:        /s/
        HUGH A. ZUBER (HZ 4935)
        Assistant Corporation Counsel

TO:    Brett H. Klein, Esq.
       Leventhal & Klein, LLP
       45 Main Street
       Brooklyn, New York 11201

- 10 -